**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
CASE NO.: _____

NORMA O. GAZONNI,

Plaintiff,

v.

CVS PHARMACY INC.,
a foreign limited liability company,

Defendant.

_____/

## COMPLAINT FOR PERMANENT INJUCTIVE RELIEF

Plaintiff, NORMA O. GAZONNI, by and through undersigned counsel, sues Defendant, CVS Pharmacy INC, and alleges as follows:

1- This is an action for declaratory and injunctive relief, attorney's fees, costs, and litigation expenses for unlawful disability discrimination in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189 ("ADA"), as amended, and its implementing regulations, 28 C.F.R. Part 36. for Permanent Injunctive Relief pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 U.S.C. §2201 and 2202 as well as 28 CFR Part 36 Regulations.

2- This Court has jurisdiction over this case based on federal question Jurisdiction, as provided in 28 U.S.C. §1331 and the provisions of the ADA.

3- Venue is proper in this Court as all actions complained of herein and injuries and damages suffered occurred in the Southern District of Florida.

1

4- Plaintiff is a visually-impaired and legally blind person. Plaintiff uses the term "blind" or "visually impaired" as legally blind. Disable as defined by ADA and Amendment acts of 2008, 42 USC §12101 (ADAAA).

5- Plaintiff seeks relief because Defendant's point-of-sale (POS) credit and debit card payment terminals are not accessible to blind and visually impaired customers. Defendant's payment terminals rely on visual touchscreen prompts and do not provide audio discernible controls, audio output, tactile keypads, screen-reader functionality, Braille guides, headphone capability, or any other effective nonvisual method by which blind customers can independently, privately, and securely complete payment transactions.

6- As a result, Plaintiff cannot independently and privately enter a PIN, select debit or credit options, confirm the transaction amount, request or decline donations, approve charges, or complete the payment process without relying on a store employee, companion, or third party.

7- Defendant's inaccessible payment terminals force Plaintiff to disclose confidential financial information and deprive her of the same private, secure, and independent payment experience provided to sighted customers.

**JURISDICTION AND VENUE**

8.  This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the ADA, 42 U.S.C. §§ 12181–12189.

9.  This Court also has jurisdiction to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 12188.

10. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because the acts of discrimination complained of occurred in Miami-Dade County, Florida, within

this District, including at Defendant's CVS Pharmacy store located at 170 SE 3RD Ave, Miami, FL 33131.

**PARTIES**

11. Plaintiff NORMA O. GAZONNI is a resident of Miami Florida, is sui juris, and is visually impaired and legally blind. Plaintiff is substantially limited in the major life activity of seeing and is a person with a disability within the meaning of the ADA, 42 U.S.C. § 12102.

12. Because of her visual impairment, Plaintiff relies on nonvisual methods of communication and access, including, tactile keypads, audio controls, accessible electronic information technology, audio output, screen-reader technology, properly labeled controls, and other auxiliary aids and services that make visually delivered information available to blind persons.

13.  Plaintiff has been a customer of Defendant's retail stores, including the CVS Pharmacy location at 170 SE 3RD Ave, Miami, FL 33131, which she visited on June 11, 2026, with the intent to purchase otc medication, massage oils and wellness products and related goods. This location is close to Plaintiff's home and accessible to her with the assistance of a family member, friend, or ride assistance service. Plaintiff has frequented the area more than ten times in the past and intends to return in the next thirty days to Defendant's stores to purchase items such as paper, printer supplies, mailing supplies, and other pharmacy-related products and services.

14. Defendant CVS PHARMACY INC owns, leases, operates, and controls CVS stores open to the public, including the store located at 170 SE 3RD Ave, Miami, FL 33131.

15. Defendant's stores are places of public accommodation within the meaning of Title III of the ADA because they are sales or rental establishments under 42 U.S.C. § 12181(7)(E) and 28 C.F.R. § 36.104.

16. Defendant is subject to the requirements of Title III of the ADA, including the obligation to provide full and equal enjoyment of its goods, services, facilities, privileges, advantages, and accommodations to persons with disabilities, including auxiliary aids and effective communication services.

**FACTUAL ALLEGATIONS**

17. Defendant offers goods and services to the public through its CVS Pharmacy stores, including the Miami store located at 170 SE 3RD Ave, Miami, FL 33131.

18. Defendant provides customers with credit and debit card payment terminals to complete purchases at its retail stores.

19. Defendant's POS payment terminals present important transaction information visually on a touchscreen or visual display, including prompts requiring customers to choose payment type, confirm amounts and taxes, enter debit-card PINs, approve or cancel transactions, request or decline donations, and respond to other transaction prompts.

20. These payment prompts are necessary to complete the transaction.

21. Sighted customers can read the prompts, verify the information, and complete the payment process independently and privately.

22. Blind customers, including Plaintiff, cannot independently access the visual information displayed on Defendant's payment terminals because the terminals lack an effective nonvisual method of communication.

4

23. Defendant's payment terminals do not provide meaningful audio output, tactile keypad, screen-reader functionality, Braille instructions, accessible keypad navigation for all prompts, headphone jack functionality, or any equivalent auxiliary aid or service that would permit blind customers to privately and independently complete payment.

24. On June 11, 2026, Plaintiff visited Defendant's CVS store located at 170 SE 3RD Ave, Miami, FL 33131 (Subject Store), for the purpose of independently purchasing massage oils, OTC medication and wellness supplies.

25.  During that visit, Plaintiff attempted to complete her purchase using Defendant's credit/debit card payment POS terminal which is based on touchscreens on the client-side. The POS device did not have any port or other place for Plaintiff to plug in her headset, nor had a tactile keypad, nor was the device configured with audio-screen-reader software or neither Braille or audio feedback and not configured not configured with tactile feedback that would effectively communicate to Plaintiff the visual information displayed on the POS device's screen. Because Plaintiff is blind, she attempted to access the information displayed on the POS device's screen by plugging her personal headset/ ear bug into the POS device to enable her as visually disabled customer to tactilely and/or auditorily receive the information displayed on the POS device screens and to thereby independently process, approve, and pay for her purchase. When Plaintiff asked store staff whether the POS device was configured for access by blind or visually disabled person, she was told that it was not, including no screen reading assistance, to enable her to independently and privately make her purchase through the POS device with her debit card and private PIN number. No further assistance was provided by the store's staff, such as screen-reading assistance, to enable Plaintiff to independently and privately complete

her purchase through the POS device using her debit card and insert privately her PIN number.

26. Plaintiff expected the POS device to provide audio instructions or other accessible features that would communicate the visual information displayed on the screen. However, the POS device did not provide audio instructions and was not equipped with screen-reader software, audio output for headset, neither screen-reader to make the transaction accessible. As a result, Plaintiff was unable to independently and privately complete her debit-card transaction.

27. Plaintiff has been a customer of CVS Pharmacy stores and has previously patronized Defendant's CVS Pharmacy located at 170 S.E. 3rd Avenue, Miami, Florida. Plaintiff had previously visited the CVS' store with family members for the purpose of purchasing over-the-counter medications, massage oils, wellness products, and other items used for her personal needs and massage and wellness work.

28. On June 11, 2026,  Plaintiff selected merchandise and attempted to complete her purchase using her debit card at Defendant's point-of-sale payment terminal. Defendant's POS terminal required Plaintiff to read and respond to information presented visually on a touchscreen, including prompts concerning the transaction amount, payment method, approval of the purchase, and entry of her confidential bank personal identification number.

29. Because Plaintiff is blind, she could not independently perceive or respond to the visual touchscreen prompts. The POS terminal did not provide audio instructions, screen-reader functionality, a functional headphone connection, tactile navigation, or another effective nonvisual means by which Plaintiff could privately and independently enter her PIN and complete the debit-card transaction.

30. As a result, Plaintiff could complete the debit-card transaction only when accompanied by a family member who could assist her with the inaccessible payment process. Requiring Plaintiff to rely on a family member deprives her of privacy, independence, and equal access afforded to sighted customers. Plaintiff wants and intends to pay for her purchases independently, without disclosing her PIN or other confidential transaction information to another person.

31. The CVS Pharmacy located at 170 S.E. 3rd Avenue, Miami, Florida (Subject Store) is located approximately 0.4 miles from Plaintiff's place of work. Plaintiff works in the massage and wellness field at a location near the Subject Store.

32. Plaintiff is present in the immediate area of the Subject Store every workday because she regularly travels to and from her place of employment. The Subject Store is therefore located within an area that Plaintiff visits daily and is not a remote or speculative destination.

33. Because Plaintiff works approximately 0.4 miles from the CVS store, she regularly passes through or travels near the area where the store is located. Plaintiff expects to continue working in the same area and traveling near the CVS store on a daily and recurring basis.

34. The proximity of the Subject Store to Plaintiff's workplace makes it a convenient location for Plaintiff to purchase massage oils, wellness products, over-the-counter medications, and other personal and work-related items before work, after work, or during breaks.

35. Plaintiff intends to return to the Subject Store within fifteen days of filing this Complaint to purchase massage oils for use in her massage and wellness work, over-the-counter medications, and other personal and work-related products.

36. Plaintiff's planned return is concrete and genuine because she regularly needs and purchases massage oils, OTC medication and wellness products from CVS for her work and personal use.

37. Plaintiff selected the CVS' store for her anticipated return because it is only approximately 0.4 miles from her place of work, is located in an area she visits every workday, and sells the specific products she intends to purchase.

38. Plaintiff's intent to return is not based solely upon a desire to inspect Defendant's compliance with the ADA or monitor the premises. Plaintiff intends to return as a bona fide customer to purchase goods for her personal use and for use in her massage and wellness work.

39. Plaintiff will return to the CVS store within fifteen days and intends to continue patronizing the CVS store regularly thereafter because of its proximity to her workplace and her recurring need for the products sold there. Plaintiff is a customer of CVS' stores and she has been at the CVS store at 170 S.E. 3rd Avenue, Miami, Florida with family members, but she cannot independently make the POS payment.

40. Plaintiff presently remains deterred from independently completing purchases at the CVS' stores because Defendant continues to use the same touchscreen-based POS payment system that does not permit a blind customer to privately and independently enter a PIN.

41. Although Plaintiff can complete a purchase when accompanied by a family member, that arrangement is not an equal or effective accommodation. Plaintiff should not be required to coordinate her shopping with a family member or disclose confidential financial information to another person in order to purchase goods available to sighted customers.

42. Plaintiff wants to visit and shop at the CVS ' stores independently, including while she is traveling to or from work. Defendant's inaccessible POS system prevents her from doing so because she cannot independently access the visual payment prompts or privately enter her PIN.

43. Upon her return within fifteen days, Plaintiff will again be required to interact with Defendant's POS terminal to purchase massage oils, over-the-counter medications, and other products. Unless the POS system is made accessible, Plaintiff will again be unable to complete her debit-card transaction privately and independently.

44. Defendant's inaccessible payment terminal is part of the CVS checkout process in all of CVS' stores and is used on a continuing basis. Plaintiff will therefore encounter the same barrier each time she attempts to make a debit-card purchase at the Subject Store or any other CVS store.

45. Plaintiff faces a real and immediate threat of future injury because she is in the area every workday. The nearest CVS' store is approximately 0.4 miles from her workplace, she intends to return within fifteen days for specific products, and she intends to continue returning regularly thereafter.

46. Plaintiff's past and threatened future injuries are directly caused by Defendant's ownership, operation, control, maintenance, configuration, policies, practices, and procedures concerning the POS payment terminals used at the Subject Store.

47. Defendant controls the payment process offered to customers at the CVS' stores and has the ability to acquire, configure, install, activate, or provide accessible payment technology and effective auxiliary aids and services for blind customers.

48. An injunction requiring Defendant to provide an effective nonvisual means of accessing the information and controls presented through its POS terminals would redress Plaintiff's injury by allowing her to verify transaction information, select payment options, approve the transaction, and enter her confidential PIN privately and independently.

49. Unless Defendant is ordered to remedy the inaccessible POS payment process, Plaintiff will continue to be denied the ability to independently patronize the Subject Store and will face the same discriminatory payment barrier when she returns within fifteen days and during her regular future visits.

50. Plaintiff has therefore suffered a concrete past injury and faces a real, immediate, and nonspeculative threat of future injury. Her planned return is supported by the CVS' store close proximity to her workplace, her daily presence in the area, her recurring need for massage oils, wellness products, and over-the-counter medications, and her definite plan to return within fifteen days and regularly thereafter.

51. Plaintiff encountered an inaccessible payment process because the POS terminal required her to respond to visual touchscreen prompts that she could not independently read or confirm. Plaintiff also received no meaningful assistance from store staff that would have allowed her to privately and independently complete her purchase through the POS device, including the ability to enter her PIN number without disclosing it to others.

52. Plaintiff was unable to independently and privately determine the information displayed on the payment terminal, including the transaction amount and payment prompts. Neither and privately enter or confirm her PIN, select debit or credit, approve the transaction, decline or request cash back, decline donations and complete payment without assistance.

53. Accessible POS technology for blind and visually impaired customers is neither novel nor unduly burdensome. Major national retailers, including Walmart and Target, have previously implemented accessible POS solutions that allow blind customers to independently use payment cards and privately enter confidential PIN information. Recently, Target announced accessible self-checkout features including Braille and high-contrast buttons, a headphone jack with adjustable volume, physical navigation buttons, a tactile controller/keypad, and audio prompts for every screen and payment prompt.

54. Following an investigation conducted on Plaintiff's behalf, and upon information and belief, a substantial number of POS devices located in Defendant's other physical retail stores are similarly inaccessible to blind and visually impaired customers. These devices do not provide effective non-visual means, such as audio output, screen-reader functionality, or other adequate features, that would allow blind customers to privately and independently complete debit-card transactions, including the entry of confidential PIN information.

55. Because the POS terminal was inaccessible, Plaintiff was forced to rely on a store employee, companion, or third party for assistance with the payment process.

56. This forced Plaintiff to risk disclosure of confidential financial information, including payment-card information, debit-card PIN information, transaction choices, and purchasing information.

57. Plaintiff was denied the same secure, private, and independent payment experience afforded to sighted customers.

58. The Department of Justice has recognized that inaccessible POS devices may violate Title III of the ADA where they prevent blind customers from privately and independently

completing debit-card transactions. In *New v. Lucky Brand Dungarees Stores, Inc.*, No. 1:14-cv-20574-UU, filed in the Southern District of Florida, the United States submitted a Statement of Interest supporting a blind plaintiff who alleged that touchscreen POS devices required him to either disclose his confidential PIN to a third party or forego using his debit card. The DOJ rejected the argument that POS devices are exempt from ADA obligations merely because the ADA Standards do not contain specific technical requirements for POS terminals, and further explained that offering alternative payment methods, such as cash or credit, does not provide equal access where sighted customers are permitted to independently and privately use debit-card payment. Accordingly, Defendant's failure to provide accessible POS functionality or an effective auxiliary aid denies Plaintiff the same privacy, independence, and equal access afforded to sighted customers.

59. Defendant's inaccessible POS payment terminals caused Plaintiff embarrassment, frustration, humiliation, loss of independence, and unequal treatment.

60. Defendant failed to provide an appropriate auxiliary aid or service that would allow Plaintiff to access the visually displayed payment information in a manner that protected her privacy and independence.

61. Defendant could provide effective auxiliary aids and services, including accessible POS devices with audio output, headphone functionality, screen-reader functionality, accessible keypad navigation, tactile keypads, properly trained staff assistance that protects privacy, or other effective nonvisual methods of communication.

62. Upon due diligence and investigation conducted on Plaintiff's behalf, and upon information and belief, many POS devices in Defendant's other physical retail stores are similarly inaccessible to blind and visually impaired customers who seek to privately and

independently complete debit-card purchases, including entering their PIN information, through the stores' POS devices.

63. Such auxiliary aids and services are readily available in the marketplace and are necessary to ensure equal access for blind and visually impaired customers.

64. Defendant has failed to reasonably accommodate blind and visually disabled customers who want the ease of access and use of the POS devices to independently and privately make their purchases in Defendant's stores using their debit cards and PIN numbers.

65. Defendant has failed to modify its payment policies, practices, and procedures to ensure that blind customers can complete payment transactions privately and independently.

66. Defendant's failure is ongoing and continues to deter Plaintiff from returning to Defendant's store.

67. Plaintiff is deterred from returning because she reasonably expects that she will again encounter the same inaccessible POS payment terminals and will again be unable to complete her purchase privately, independently, and securely.

68. Unless Defendant is ordered to provide accessible POS payment terminals and effective auxiliary aids or services, Plaintiff will continue to suffer discrimination and will continue to be denied full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, and accommodations.

69. Defendant has actual or constructive knowledge that blind customers cannot independently access payment terminals that rely on visual touchscreen prompts without audio, tactile keypads or screen-reader functionality.

70. Defendant has the ability and obligation to ensure that its payment process is accessible to blind and visually impaired customers.

71. Defendant's failure to provide accessible payment terminals and effective auxiliary aids constitutes discrimination under Title III of the ADA.

72. Plaintiff has no adequate remedy at law. Injunctive relief is necessary to prevent future discrimination.

## COUNT I -VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. §§ 12181–12189

73. Plaintiff re-alleges and incorporates paragraphs 1 through 72 as if fully set forth herein.

74. Plaintiff is an individual with a disability within the meaning of the ADA because she is visually impaired and substantially limited in the major life activity of seeing.

75. Defendant owns, leases, operates, and/or controls places of public accommodation within the meaning of Title III of the ADA, including the CVS Pharmacy store located at 170 SE 3RD Ave, Miami, FL 33131

76. Title III of the ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. 42 U.S.C. § 12182(a).

77. Title III further provides that discrimination includes the failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking such steps would fundamentally alter the nature of the goods or services or would result in an undue burden. 42 U.S.C. § 12182(b)(2)(A)(iii).

78. TheADA's implementing regulations require public accommodations to furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. 28 C.F.R. § 36.303.

14

79. In determining what auxiliary aid or service is appropriate, a public accommodation must consider the method of communication used by the individual, the nature, length, and complexity of the communication involved, and the context in which the communication occurs.

80. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation shall furnish appropriate auxiliary aids and services to ensure effective communication with individual with disabilities. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303(b)(1).

81. To be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability.

82. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation, in choosing the type of auxiliary aid or service to ensure effective communication, must consider the "method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place." 28 C.F.R. § 36.303(c)(1)(ii).

83. Defendant's payment process involves private, confidential, and financially sensitive communications, including transaction amounts, card choices, PIN entry, payment approval, and cash-back prompts.

84. Defendant's POS payment terminals communicate this information visually to sighted customers but fail to provide an effective nonvisual method for blind customers.

85. Defendant discriminated against Plaintiff by denying her full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, and accommodations.

86. Defendant discriminated against Plaintiff by failing to provide accessible POS payment terminals or appropriate auxiliary aids and services necessary for effective communication.

87. Defendant discriminated against Plaintiff by requiring her to rely on store employees or third parties to complete a payment process that sighted customers can complete privately and independently.

88. Defendant discriminated against Plaintiff by failing to protect the privacy and independence of Plaintiff during the payment process.

89. Defendant discriminated against Plaintiff by failing to make reasonable modifications to its policies, practices, and procedures necessary to afford access to blind customers.

90. Defendant's conduct violates 42 U.S.C. § 12182(a), 42 U.S.C. § 12182(b)(2)(A)(iii), and 28 C.F.R. § 36.303.

91. Defendant's conduct has caused and will continue to cause Plaintiff's injury, including loss of independence, loss of privacy, humiliation, frustration, and denial of equal access.

92. Plaintiff is entitled to declaratory and injunctive relief, attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. §§ 12188 and 12205.

92. Plaintiff NORMA O. GAZONNI respectfully requests that this Court enter judgment in her favor and against Defendant CVS Pharmacy, and award the following relief:

A. A declaration that Defendant's failure to provide accessible POS payment terminals and effective auxiliary aids and services violates Title III of the ADA;

B. A permanent injunction requiring Defendant to make its POS payment terminals and payment process accessible to blind and visually impaired customers, including Plaintiff;

C. A permanent injunction requiring Defendant to provide effective auxiliary aids and services that allow blind customers to independently and privately enter PINs, select

16

payment options, confirm transaction amounts, approve or cancel transactions, request or decline cash back, and complete payment transactions;

D. A permanent injunction requiring Defendant to implement accessible payment technology, which may include tactile keypads, audio output, headphone capability, screen-reader functionality, tactile keypads, accessible keypad navigation, Braille or tactile guides, or other effective nonvisual communication methods;

E. A permanent injunction requiring Defendant to adopt and implement policies, practices, and procedures to ensure that blind customers receive effective communication during the payment process in a manner that protects privacy and independence;

F. A permanent injunction requiring Defendant to train its employees on assisting blind and visually impaired customers during payment transactions without requiring disclosure of confidential financial information, including PINs;

G. An order retaining jurisdiction over this matter to ensure Defendant's compliance with the Court's injunctive relief;

H. An award of Plaintiff's reasonable attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505; and

I. Such other and further relief as this Court deems just and proper.

### DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff Norma Gazonni hereby demands judgment against Defendant "CVS Pharmacy INC" and requests the following injunctive relief permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services and goods, as well as the Court:

a. That the Court issue a declaration that Defendant's POS point-of-sale system is in violation of the  Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b. That the Court enter an Order directing Defendant, by a certain date, to make accessible and continually update and maintain the POS of the defendant's physical stores to ensure that it remains fully accessible to and usable by visually impaired individuals;

c. That the Court enter an award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and Title III of the ADA Section 36.505.

Respectfully submitted,

Dated this 17th day of July  2026.

Respectfully submitted,

By:

/s/Lorena Brasil
Attorney for Plaintiff
Brasil & Brasil, P.A.
Lorena Brasil, Esq.
FBN: 1049012
500 E. Broward Blvd. Suite 900
Fort Lauderdale, Florida 33394
Tel: 954-848-2929
contact@bblawfirmfl.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, 2026 that the foregoing document has been filed using CM/ECF system and will be served via email when Defendant/Defendant's counsel enters an appearance.

/s/Lorena Brasil
Attorney for Plaintiff
Brasil & Brasil, P.A.
Lorena Brasil, Esq.